No. 2759

Second Circuit

---

GILL v. SHAW

---

(December 11, 1926. Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Brokers—Par. 23.**

In a suit for commission on the sale of real estate which was never consummated, the burden of proof is on the plaintiff to show that a definite offer to sell was made by the defendant and was accepted as made by the prospective purchaser and that the defendant subsequently, without just reason, refused to transfer the property.

Hauch vs. Bonnabel, 134 La. 847, 64 South. 795.

2. **Louisiana Digest—Brokers—Par. 2, 15, 19, 21.**

Where a real estate broker calls on his client to execute a deed to property and there arises a dispute as to the terms on which the property was to be sold and the broker accepts for sale a portion of said property on different

terms, he tacitly acquiesces in his client's contention as to the original terms on which the first sale was to be made.

Appeal from the Third Judicial District Court of Louisiana, Parish of Lincoln. Hon. J. W. Elder, Special Judge.

Action by R. M. Gill against A. A. Shaw.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

E. L. Walker, of Ruston, attorney for plaintiff, appellee.

Barksdale, Warren and McBride, of Ruston, attorneys for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J.   This is a suit by a licensed real estate broker to recover $300.00 commission on a sale of real estate that was never consummated. He alleges that the defendant listed with him nine acres of land situated in the town of Ruston, Louisiana, for sale at the price of $6000.00, provided the purchaser would buy his stock of merchandise at cost, and agreed to pay the plaintiff a commission on the sale of the real estate, and that he procured a customer who offered to purchase the property listed on the terms and conditions fixed by defendant and that defendant without just reason refused to make the sale and that plaintiff was therefore entitled to his commission of $300.00.

Defendant admitted that Mr. Gill stopped him just as he was starting down the steps in the Price building and asked him what he asked for his property and that he said: "I have been holding it for $6000.00, but if I should sell it at all the purchaser would

have to buy my business". He denied, however, that he had listed his property with plaintiff for sale, and especially denied that he agreed to pay a commission.

Defendant also filed an exception of no cause of action and a plea of prescription of one and two years.

On these issues the case was tried and there was judgment in favor of the plaintiff and defendant appealed.

## EXCEPTION OF NO CAUSE OF ACTION

The exception of no cause of action does not set forth in detail in what respect plaintiff's petition fails to state a cause of action and under all of the allegations of the petition, taken as true, we think it expresses a cause of action.

## PLEA OF PRESCRIPTION

Defendant does not urge his plea of prescription in his brief. We therefore take it that he has abandoned same.

## MERITS

This suit is brought by a licensed real estate broker to recover $300.00 commission. He alleges that defendant listed with him for sale nine acres of land and improvements for $6000.00 conditioned on the purchaser also buying his stock of merchandise at cost and that he agreed to pay a commission on the sale of the real estate.

Defendant denied that he listed his property with plaintiff and especially denied that he agreed to pay a commission.

A correct decision of this case we think depends on whether or not defendant

listed his property with plaintiff and agreed to pay a commission as alleged by plaintiff. Plaintiff swore positively that defendant did list his property with him and agreed to pay a commission. Defendant swore positively that he did not.

The burden of proof rested on plaintiff, and when two witnesses of unimpeached reputation swear directly oppositely the testimony of one offsets the testimony of the other and nothing has been proven.

The trial judge so held, but he further held:

"However plaintiff is largely borne out in his contention of the property to be sold by the witnesses, Moore, Holland and Brown. None of these witnesses have any interest. After the first agreement of these three witnesses to buy the property defendant then wanted to include his stock of goods. Plaintiff even got them to agree to take his stock of goods. Then defendant claimed they should take his notes; this they refused to do. It seems to us that if this was his (defendant's) contention he should have made this plain to all parties while the negotiations were pending and not have waited until the last to raise this contention."

We have profound respect and appreciation for the opinion of our learned brother, the special judge in this case, but we have been unable to concur in the above holding.

The defendant Shaw and the three witnesses named in the quotation from the opinion of the judge a qua, namely, Moore, Holland and Brown, never met in connection with the matter now in dispute; Mr. Holland and Mr. Brown had no conversation at all with Mr. Shaw on the subject, and Mr. Moore had but one. That was in the office of Mr. Gill, and it was then and there made plain that defendant would not sell his real estate unless he could also sell his business, including his notes and accounts. At this time Mr. Moore had not been authorized to buy for Holland and Brown anything except the real estate. Therefore Mr. Gill, at that particular time, had no authority to buy for Holland and Brown anything other than the real estate, and under plaintiff's judicial allegation defendant was not willing to sell his real estate unless the purchaser also bought his stock of merchandise.

In view of the fact that Holland and Brown never had any conversation with Mr. Shaw on the subject now in dispute and that in the only conversation had on the subject between Moore and Shaw, it was distinctly stated that Shaw would not sell unless he could sell his entire business, including his notes and accounts, we have been unable to understand how the testimony of these three witnesses corroborate in any way Mr. Gill's contention that defendant listed his property with him and agreed to pay a commission.

In our opinion this case depends solely upon the question of whether or not defendant listed his property with plaintiff and agreed to pay him a commission. The only testimony on that point is the testimony of plaintiff, who swears positively that defendant did list his property with him, and defendant's testimony, who swears just as positively that he did not.

Plaintiff's testimony, therefore, in our opinion, failed to discharge the burden of proof, which always, under the law, rests upon the plaintiff.

Defendant swore that he thought he was dealing with Mr. Gill as the agent of the School Board, and the fact that Mr. Gill submitted through Mr. Moore to Holland and Brown a proposition to sell the real estate only, which he does not now con-

tend he had been authorized to submit, to some extent corroborates Mr. Shaw.

Under the evidence it is certain that in the conference in Mr. Gill's office between plaintiff, defendant and Mr. Moore it was definitely understood that Mr. Shaw would not sell his real estate without selling his business, including notes and accounts.

Mr. Gill, after being fully apprised of this fact, accepted a proposition from Mr. Shaw to sell seven acres of the nine acres owned by Mr. Shaw for $4500.00, and attempted to complete the sale by submitting the proposition to Holland and Brown through Mr. Moore.

This, in our opinion, was an acquiescence on the part of Mr. Gill in the contention of Mr. Shaw and corroborates Mr. Shaw's contention.

The preponderance of the evidence, we think, fairly shows that defendant never intended to list his property with plaintiff or consent to pay him a commission.

Real estate brokers, as a rule, have on hand printed forms on which their customers list their property for sale, setting out fully the terms, conditions, commission, etc., and these forms should always be used as a protection to both the broker and his customer. When a broker fails to use a written or printed form and depends upon a casual conversation, his claim for commission cannot be allowed except on clear and convincing proof fully discharging the burden of proof resting on the plaintiff.

For the above reasons, it is therefore ordered, adjudged and decreed that the judgment of the lower court be reversed and there is now judgment in favor of the defendant rejecting plaintiff's demands and dismissing his suit at his cost.